IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| DONNA EPPS | * |
| Plaintiff | * CIVIL ACTION NO. _____ |
| v. | * |
| JP MORGAN CHASE BANK, N.A./ CHASE AUTO FINANCE | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant JP-Morgan Chase Bank, N.A. ("Chase"), improperly named as JP Morgan Chase Bank, N.A./Chase Auto Finance, by its undersigned attorneys, hereby gives notice of removal of the above-captioned action from the Circuit Court of Maryland for Baltimore City to the United States District Court for the District of Maryland. Removal is based on 28 U.S.C. §§ 1332 and 1441, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"), and authorized by 28 U.S.C. § 1453. As grounds for removal, Chase states the following:

## BACKGROUND

1. On or about April 27, 2010, Plaintiff Donna Epps ("Plaintiff"), on behalf of herself, and purportedly on behalf of others similarly situated, filed a Class Action Complaint (the "Complaint") with the Clerk of the Circuit Court of Maryland for Baltimore City (the "State Court Action"). The State Court Action was assigned Case No. 24-C-10-003473.

2. Plaintiff alleges in the Complaint that she is a citizen of the State of Maryland. Complaint at ¶ 20.

3. Plaintiff alleges that she entered into a retail installment sales contract with a car dealer to finance her purchase of a used car. Complaint at ¶ 24. The retail installment sales

contract was assigned to Chase. Complaint at ¶ 26. When Plaintiff failed to make her required monthly payments, Chase repossessed and sold the vehicle. Complaint at ¶ 29.

4. Plaintiff alleges in the Complaint that Chase failed to provide her with proper notices concerning the repossession and sale of the vehicle, as required by the Maryland Credit Grantor Closed End Credit Provisions ("CLEC"), Md. Code Ann., Comm. Law § 12-1001 *et seq.*. Complaint at ¶¶ 4-13.

5. Plaintiff's Complaint asserts claims only against Chase. In the Complaint, Plaintiff asserts claims for: (a) breach of the CLEC (Count I); (b) breach of contract (Count II); (c) declaratory judgment (Count III); (d) restitution and unjust enrichment (Count IV); and (e) breach of the Maryland Consumer Protection Act (Count V).

6. Plaintiff brings these claims on her own behalf and on behalf of a putative class of Maryland residents whose vehicles were repossessed and sold by Chase over an unspecified time period, and who allegedly did not receive proper notices with respect to the repossession and sale of their vehicles. Complaint at ¶¶ 49-56 (Class Action Allegations).

7. The Class Action Complaint seeks a variety of forms of relief, including: (a) a declaration that Chase may not collect any claimed deficiency balance, or any interest, fees, costs or other charges on the loans of the class members; (b) statutory damages; (c) judgment in favor of the putative class members in the amount of any sum paid to Chase toward the deficiency balance, interest, fees, and other charges; (d) treble damages; and (e) counsel fees. Complaint at pg. 21-22 (*ad damnum*).

8. Chase is a national bank. Declaration of Tami L. Rasmusen, attached hereto as Exhibit 1. According to its Articles of Association, its main office is in Columbus, Ohio. Exhibit 1. Accordingly, Chase is deemed a citizen of Ohio for the purposes of 28 U.S.C. § 1332.

Wachovia v. Schmidt, 546 U.S. 303 (2006) (holding that a national bank is a citizen of the state in which its main office is located).

### STATUTORY REQUIREMENTS - - CLASS ACTION FAIRNESS ACT

9. <u>This Court has Jurisdiction</u>. Pursuant to 28 U.S.C. § 1332, as amended by CAFA, a putative "class action" commenced after the effective date of CAFA may be removed to the appropriate United States District Court if: (a) any member of the putative class is a citizen of a state different from any defendant, and (b) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A). Complete diversity among parties is not required.

10. CAFA is applicable to the State Court Action because the Action was commenced after the effective date of the Act. Notes to 28 U.S.C. §§ 1332 & 1453 ("The amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act," — i.e., February 18, 2005), citing Pub. L. 109-2, § 9, 119 Stat. 14.

11. The State Court Action is a "class action" within the meaning of CAFA because it is a "civil action filed under" Maryland Rule 2-231 -- i.e., Maryland's analog to Fed. R. Civ. P. 23 and a "rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a).

12. <u>Citizenship of Parties</u>. The requisite diversity of citizenship exists under 28 U.S.C. §§ 1332(d)(2) and (d)(7). Chase is a national bank with its main office in Columbus, Ohio. <u>Exhibit 1</u>. As such, it is deemed to be a citizen of Ohio for purposes of 28 U.S.C. § 1332. 28 U.S.C. § 1332(c)(1). By contrast, Plaintiff is a citizen of the State of Maryland, and seeks to represent a class of Maryland residents. Complaint at ¶¶ 20, 49-56 (Class Action Allegations). Thus, Chase is a citizen of a state different from at least one class member.

13.     <u>Amount in Controversy</u>.  There is more than $5 million in controversy in this action.  Under 28 U.S.C. § 1332(d), as added by CAFA, the amount in controversy in a putative class action is determined by aggregating the amount at issue in the claims of all members of the putative class.  28 U.S.C. § 1332(d)(6).  While Chase denies that Plaintiff or any putative class member is entitled to recover in any amount, and specifically denies that Plaintiff or any putative class member is entitled to the relief in the various forms and amounts sought, the Complaint's allegation of a putative class and the relief sought place an aggregate amount in controversy of more than $5,000,000.00 exclusive of interest and costs.

14.     Plaintiff seeks to certify a class of Maryland residents whose automobiles were repossessed and sold by Chase.  Complaint at pg. 10-13 (Class Action Allegations).  The Complaint does not specify a class period.

15.     Plaintiff alleges that Chase may not recover any deficiency amounts, interest, fees, or costs on the loans of the class members whose vehicles were repossessed and sold.  Complaint at ¶¶ 41-48.

16.     Plaintiff further alleges that Chase is required to repay to putative class members any deficiency amount, interest, fees, or costs collected from the putative class members.  Complaint at pp. 20-22 (*ad damnum* clause).

17.     Plaintiffs further allege that damages should be trebled because Chase knowingly sent notices which were not in compliance with CLEC.  Complaint at ¶ 61.

18.     Plaintiff alleges that the putative class "consists, at a minimum, of several hundred or thousands of persons."  Complaint at ¶ 52.

19.     The aggregate amount in controversy based solely on claims accruing since approximately April 27, 2009 (<u>i.e.</u>, one year prior to the filing of the Complaint) exceeds

$5,000,000. Chase has identified over 1,200 accounts secured by vehicles owned by a Maryland resident and/or sold at a Maryland dealership with respect to which the vehicles were repossessed and sold by Chase between May 1, 2009 and April 29, 2010. Exhibit 1. The aggregate combined balance of debt charged off of these accounts is in excess of $12,000,000. Exhibit 1. The total amount of charged off debt on these accounts that has not yet been collected is in excess of $10,000,000.00 (the "One-Year Uncollected Deficiency"). Exhibit 1. Plaintiff, inter alia, seeks both declaratory and injunctive relief prohibiting Chase from collecting the One-Year Uncollected Deficiency. Courts in the Fourth Circuit follow the "either viewpoint rule" so the Court may properly consider the cost to Chase – in excess of $10,000,000 – if it is unable to collect the One-Year Uncollected Deficiency. See, e.g., Chandler v. Cheesecake Factory, 239 F.R.D. 432, 439 (M.D.N.C. 2006); Gonzalez v. Fairgate Props. Co., 241 F. Supp.2d 512, 517 (D. Md. 2002). The total amount of charged off debt that has already been collected is in excess of $2,000,000.00 (the "One-Year Collected Deficiency"). Exhibit 1. Plaintiff, inter alia, seeks a judgment in the amount of the One-Year Collected Deficiency, and demands treble damages. Accordingly, the aggregate amount in controversy over the one-year period immediately preceding the filing of the Complaint is in excess of $5,000,000.

## SUPPLEMENTAL JURISDICTION

20. To the extent not otherwise provided in this Notice, supplemental jurisdiction exists as to all other plaintiffs set forth in the Complaint pursuant to 28 U.S.C. § 1367.

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

21. Removal to Proper Court. This Court is part of the "district and division" embracing the place where this action was filed – Baltimore City, Maryland. 28 U.S.C. § 1446(a).

22. <u>Removal is Timely</u>. Chase's registered agent, The Corporation Trust Incorporated ("CT"), was served with the Summons and Complaint on May 10, 2010. Receipt of the Summons and Complaint was the first notice of the State Court Action or federal jurisdiction received by Chase. This Notice of Removal is being filed with the United States District Court for the District of Maryland on June 4, 2010, within 30 days after receipt of the State Court Action Summons and Complaint by CT.

23. <u>Pleadings and Process</u>. Attached hereto is a copy of all process, pleadings and orders served upon Chase in the State Court Action. See 28 U.S.C. § 1446(a).

24. <u>Notice</u>. A copy of this Notice of Removal will be promptly served upon Plaintiff's counsel. Chase will also file with the Clerk of the Circuit Court of Maryland for Baltimore City a Notice of Filing of Notice of Removal and a copy of the Notice of Removal, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto as <u>Exhibit 2</u>.

25. <u>Consent to Removal</u>. Consent to removal is not required for removal under CAFA. See 28 U.S.C. § 1453(b). Consent is also not required because Chase is the only defendant named in the Complaint.

26. <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. See 28 U.S.C. § 1446(a).

27. <u>Bond and Verification</u>. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

28. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as amended by CAFA, and the claims may be removed to this Court under 28 U.S.C. § 1453.

WHEREFORE, this action should proceed in the United States District Court for District of Maryland, as an action properly removed thereto.

Respectfully submitted,

/s/ Charles S. Hirsch

Charles S. Hirsch (Fed. ID No. 06605)
Glenn A. Cline (Fed. ID No. 26672)
Ballard Spahr LLP
300 E. Lombard Street, 18th Floor
Baltimore, Maryland 21202
Telephone: 410-528-5600

Counsel for Defendant
JP-Morgan Chase Bank, N.A.

Of Counsel:

Alan S. Kaplinsky
Martin C. Bryce, Jr.
Mark J. Furletti
BALLARD SPAHR LLP
1735 Market Street
Philadelphia, PA 19103
(215) 864-8544

Dated: June 8, 2010

DMEAST #12484042 v2

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of June, 2010, a true and correct copy of the foregoing Notice of Filing Notice of Removal was served via first-class mail, postage prepaid, on the following persons:

Peter A. Holland
The Holland Law Firm, P.C.
124 South Street, Ste. 3
Annapolis, Maryland 21401

Scott C. Borison
Legg Law Firm, LLC
5500 Buckeystown Pike
Frederick, Maryland 21703

Jane Santoni
Williams & Santoni, LLP
401 Washington Avenue, Ste. 200
Towson, Maryland 21204

_____
Glenn A. Cline, Esquire