IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| DONNA EPPS, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO. 1:10-cv-01504-WMN |
| v. | * | |
| | * | |
| JPMORGAN CHASE BANK, N.A./ | * | |
| CHASE AUTO FINANCE, | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **DEFENDANT'S REQUEST FOR TELEPHONIC STATUS CONFERENCE**

Defendant JPMorgan Chase Bank, N.A. ("Chase"), by its undersigned attorneys and with the consent of Plaintiff Donna Epps ("Plaintiff"), hereby requests a telephonic status conference with respect to case scheduling in light of the Opinion and Mandate of the United States Court of Appeals for the Fourth Circuit, and states as follows:

1. On November 19, 2010, this Court granted Chase's motion to dismiss the class action complaint of plaintiff Donna Epps ("Plaintiff").

2. On April 5, 2012, the United States Court of Appeals for the Fourth Circuit issued its Opinion reversing the dismissal of the complaint. The Mandate was docketed in this Court on April 27, 2012.

3. In its opinion, the Fourth Circuit indicated that a portion of Chase's motion to dismiss remains pending with this Court. In particular, the Fourth Circuit stated:

> Finally, Epps claims on appeal that the district court erred in dismissing her claims unrelated to the CLEC and the RIC. Because we now vacate the court's judgment with respect to the CLEC and contract claims, we do not address whether Epps adequately pled claims under the Maryland Consumer Protection Act, for declaratory and injunctive relief, or for unjust enrichment, particularly since the district court failed to address these claims (other than to dismiss them) in its prior opinion. Instead, our remand will allow the district court the plenary opportunity to address these other claims.

4.  The pendency of a motion to dismiss that addresses only part of a complaint suspends the time to respond to the entire complaint. See, e.g., <u>Finnegan v. University of Rochester Medical Ctr.</u>, 180 F.R.D. 247 (D.C.N.Y. 1998); <u>Justice v. Dimon</u>, 2011 WL 2183146 (W.D.N.C. 2011).

5.  Chase seeks a status conference to allow the Court and the parties to discuss what deadlines, if any, should be set prior to the Court's ruling on the remaining portion of the motion to dismiss.

6.  Through her counsel, Plaintiff consents to this request for a telephonic status conference.

7.  Chase is willing to coordinate with opposing counsel to determine a date and time mutually agreeable to all counsel and the Court.

WHEREFORE, Chase respectfully requests that a telephonic status conference be scheduled.

Respectfully submitted,

    /s/ Glenn A. Cline
Glenn A. Cline (Fed. Bar # 26672)
Charles S. Hirsch (Fed. Bar # 06605)
Ballard Spahr LLP
300 E. Lombard Street, 18th floor
Baltimore, Maryland 21202
Telephone: (410) 528-5600
Facsimile: (410) 528-5650
Email:   clineg@ballardspahr.com
          hirsch@ballardspahr.com

*and Of Counsel*:

Alan S. Kaplinsky
Martin C. Bryce, Jr.
Mark J. Furletti
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103-7599
Telephone: (215) 864-8238
Facsimile: (215) 864-8999
Email: bryce@ballardspahr.com

*Attorneys for Defendant*
*JPMorgan Chase Bank, N.A.*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of May, 2012 a copy of the foregoing Defendant's Request for Telephonic Status Conference was electronically filed and delivered to:

> Peter A. Holland, Esq.
> The Holland Law Firm PC
> 124 South St., Ste. 3
> Annapolis, MD 21401
> (410) 280-6133
> peter@hollandlawfirm.com
>
> Jane Santoni, Esq.
> Williams and Santoni LLP
> 401 Washington Ave, Ste. 200
> Towson, MD 21204
> (410) 938-8666
> jane@williams-santonilaw.com
>
> Scott C. Borison, Esq.
> Legg Law Firm, LLC
> 5500 Buckeystown Pike
> Frederick, MD 21703
> (301) 620-1016
> usdc@legglaw.com

      /s/ Glenn A. Cline
      Glenn A. Cline